[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10910

Non-Argument Calendar

_____

BRIAN SCOTT CULVER,

Plaintiff-Appellant,

*versus*

SHANNON WITHERS, et al.,

Defendants,

FEDERAL BUREAU OF PRISONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:18-cv-00160-TKW-HTC

_____

Before ROSENBAUM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Brian Culver, a federal prisoner currently incarcerated at Federal Correctional Institution (FCI) Marianna, appeals the District Court's dismissal for mootness of his pro se amended complaint, which alleged that FCI Marianna prison staff confiscated from Culver certain family photographs. He also challenges the District Court's denial of his motion to amend this complaint and motion for summary judgment. For the reasons below, we affirm.

## I. Background

Brian Culver is serving a 720-month sentence at FCI Marianna for producing child pornography. *See United States v. Culver*, 598 F.3d 740, 746 (11th Cir. 2010). In July 2018, he filed an amended complaint against the Federal Bureau of Prisons (BOP). Culver alleged that Marianna's Sex Offender Management Program implemented an unconstitutional policy that banned sex offender inmates from possessing photos of children unless the images depicted the inmate's biological or adopted child. In 2017, pursuant to this policy, Marianna allegedly confiscated from Culver family vacation photographs containing images of Culver's minor nephews.

23-10910               Opinion of the Court                    3

The District Court dismissed Culver's pro se amended complaint, and Culver appealed to this Court. We reversed in part the dismissal, holding that the amended complaint stated a plausible as-applied First Amendment challenge to the policy, which, if successful, would merit injunctive relief. *See Culver v. Withers*, No. 19-15160, 2022 WL 2972835, \*2 (11th Cir. July 27, 2022) (per curiam).

After remanding the case for further proceedings, the BOP voluntarily terminated and replaced the policy Culver complained was unconstitutional with a new policy. The new policy, signed into effect in October 2022, allowed inmates to "possess photographs of juveniles who are identified as a family member, and who are not identified as a victim, per their [presentence investigation report] or other available legal documentation." Consequently, the BOP moved to dismiss Culver's claim for mootness.

Culver opposed the BOP's motion, asserting that the case was not moot because the newly revised policy still imposed what he characterized as a "blanket ban" on photographs. He contended that the requirements of Article III were met because this dispute was capable of repetition, yet evading review and he anticipated a likelihood of violating the policy again. Additionally, Culver argued that under the doctrine of voluntary cessation, the BOP's voluntary removal of the policy did not deprive the District Court of its jurisdiction to hear the case. Subsequently, Culver sought permission to supplement the amended complaint, citing the BOP's "unforeseen actions," and also moved for summary judgment.

A magistrate judge issued a report and recommendation that the case be dismissed without prejudice as moot. The magistrate judge clarified that the feature of the initial policy that Culver challenged—the prohibition on photos of minor relatives beyond children and grandchildren—had been "substantially altered" by the new policy. Furthermore, the magistrate judge determined that the "capable of repetition, yet evading review" exception to mootness did not apply, as there was no reasonable expectation that the same controversy would reoccur. Emphasizing that Culver's sole claim before the District Court pertained to being denied access to family photos, the magistrate judge asserted that this claim had been rendered moot by the BOP's policy revisions. According to the magistrate judge, Culver now argued a different, hypothetical controversy related to his inability to possess photos of nonfamilial minors. Additionally, the magistrate judge recommended denying Culver's request to amend his complaint to include claims related to the new policy because he had not administratively exhausted his challenges to the new policy.

Over Culver's objections, the District Court adopted the magistrate judge's report and recommendation and found that Culver had obtained the relief he sought through the new policy, rendering his claim moot. The District Court explained that challenging the new policy would require Culver to exhaust his administrative remedies and then file a new suit. Accordingly, the District Court dismissed the case as moot and denied all pending motions. Culver timely appealed to this Court.

## II. Discussion

On appeal, Culver argues that the termination of the first policy did not moot his case because two legal issues remain concerning the new policy: first, whether the new policy violates his constitutional right to communicate with his family and friends; and second, whether the new policy is supported by a valid penological interest. Likewise, Culver contends that he is likely to suffer the same injury again because the new policy still bans a majority of his photographs of family and friends. Finally, Culver argues that the BOP's issuance of the new policy was merely a tactic to avoid litigation and that there is a reasonable expectation that the BOP will reenact the first policy.

"Whether a case is moot is a question of law that we review de novo." *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007). As a federal court, Article III of the U.S. Constitution limits our jurisdiction to "cases" and "controversies." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011). "[T]here are 'three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement.'" *Id.* (quoting *Harrel v. The Fla. Bar*, 608 F.3d 1241, 1247 (11th Cir. 2010)). Concerning the third strand, the Supreme Court has explicitly stated that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). An issue is considered moot when it no

longer presents a live controversy for which the court can provide meaningful relief. *Christian Coal. of Fla., Inc.*, 662 F.3d at 1189.

An exception to mootness is the doctrine of voluntary cessation. *Bankshot Billiards, Inc. v. City of Ocala*, 634 F.3d 1340, 1351 (11th Cir. 2011). A defendant's voluntary cessation of a challenged practice does not moot a case when there is a reasonable expectation that the defendant will resume the conduct after the suit is dismissed. *Id.* The party asserting mootness generally must show that the challenged conduct cannot be reasonably expected to restart. *Id.* Government actors, however, receive a rebuttable presumption that their challenged behavior will not recur. *Id.* To avoid dismissal as moot in those cases, the plaintiff must show some reasonable basis to believe that the policy will be reinstated if the suit is terminated. *Id.* at 1351–52.

Another exception to the mootness doctrine applies to cases that are "capable of repetition, yet evading review." *S. Pac. Terminal Co. v. Interstate Com. Comm'n*, 219 U.S. 498, 515 (1911). Such a case exists when "(1) the challenged action [i]s in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [i]s a reasonable expectation that the same complaining party w[ill] be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam). "The remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (per curiam).

Culver's case is now moot, and no exceptions apply. In his operative complaint, Culver alleged that he suffered harm through the confiscation of photos of his nephews. This alleged injury was remedied upon the BOP's termination of the first Policy and implementation of the new policy, which allowed him to regain possession of the confiscated photos. Consequently, there is no ongoing case or controversy for the District Court to adjudicate, and any decision about the first policy would constitute an unconstitutional advisory opinion.

Furthermore, the voluntary cessation exception to mootness is inapplicable. Culver has not rebutted the presumption that the BOP's challenge will not recur, as he has failed to provide a reasonable basis for believing that the first policy would be reinstated after the conclusion of the lawsuit. This is also not a case that is "capable of repetition, yet evading review." With the implementation of the new policy, Culver can now possess the photos that were previously confiscated, and there is no reasonable expectation the same controversy will recur. Any challenge to the new policy would be grounded in a distinct and separate controversy.

Culver also asserts that the District Court erred by denying his request to amend his complaint. He argues that amendment is justified in light of the BOP's "unforeseen actions," presumably referring to the removal of the first policy. Our review of a District Court's denial of a motion to amend a complaint is for abuse of discretion. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999).

Pursuant to Federal Rule of Civil Procedure 15(a)(2), if a responsive pleading has been filed, a party may amend its complaint only with leave of court or with written consent of the adverse party. Leave to amend should be liberally granted when necessary in the interest of justice, but futility is a valid basis for denying such a request. *Burger King*, 169 F.3d at 1319; Fed. R. Civ. P. 15(a)(2). The denial of leave to amend is deemed justified by futility when the amended complaint remains subject to dismissal. *Burger King*, 169 F.3d at 1320.

Here, we agree with the District Court's decision to reject Culver's request for leave to amend his complaint. According to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted." As Culver did not fulfill this requirement, the denial of his attempt to introduce a claim related to the new policy was appropriately characterized as futile.[1]

---

[1] In the District Court, Culver contended that Marianna had made its administrative procedures unavailable to him. Prisoners do not have to exhaust grievance procedures that are not capable of use. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Moreover, while this Court reads briefs filed by pro se litigants liberally, any issues not briefed on appeal are abandoned. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). An issue is not considered briefed on appeal when it is not specifically and clearly identified by a party in its opening brief. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Even with a generous and liberal interpretation of Culver's opening brief, he has not asserted the argument that administrative

23-10910                Opinion of the Court                    9

Finally, Culver argues that the District Court should have granted him summary judgment, despite the termination of the first policy, because the new policy still imposed a "blanket ban" on photographs and lacked a connection to any penological interest. He has also moved to expand the record. In light of our determination that Culver's case is moot, we affirm the denial of his motion for summary judgment and deny his motion to expand the record.

**AFFIRMED.**

---

procedures were unavailable to him, and therefore he has abandoned that particular argument.